## THOMSON v. THOMSON.
### No. 2272.

Court of Civil Appeals of Texas. Eastland.
May 22, 1942.

R. L. Graves, of Brownfield, for appellant.

C. F. Sentell, of Snyder, for appellee.

FUNDERBURK, Justice.

This action—a habeas corpus proceeding —was brought by J. L. Thomson against his former wife Clara Thomson, seeking to have adjudged to the plaintiff the custody of their four year old child who at the time was in the custody of defendant.

Plaintiff alleged defendant had theretofore fraudulently filed a suit for divorce and custody of said child in a state court of New Mexico, and "in order to obtain a decree in said New Mexico suit, the defendant, who was plaintiff in that suit, falsely made affidavit that this plaintiff was a resident of San Diego, California, when in truth and in fact defendant at said time knew where the plaintiff was residing and that he was never at any time during his life in the State of California, and such affidavit was made especially for the purpose of obtaining possession of said minor son."

The court, construing the foregoing as a collateral attack upon a judgment of the New Mexico court, sustained a special exception thereto. The record of such action appears from the following recitation in the judgment: "Respondent having specially excepted to that part of the plead-ings of J. L. Thomson attacking the validity of the judgment of the District Court of Grant County, New Mexico, and the court having sustained said exception, and the court having declined to permit testimony to be heard attacking said judgment and the relator declined to offer any further testimony in said cause, other than to introduce the New Mexico judgment," etc. From the final judgment for the defendant, plaintiff has appealed.

We find it unnecessary to determine whether plaintiff's petition showed a collateral attack upon the judgment of the New Mexico court, or whether, full effect given to such judgment, plaintiff's petition stated any cause of action, accruing subnamely, that of avoiding the effect of the child awarded to him. Appellant says in his brief: "Before going further, Relator especially calls attention of the court to the fact that he is in no manner attacking the New Mexico decree but only sets up the fact that the same was fraudulently obtained for the sole purpose of fraudulently obtaining possession of the minor child in question."

Plaintiff having alleged the foreign judgment and its nature (as one awarding custody of the child to defendant) had two courses as alternatives open to him, namely, that of avoiding the effect of that judgment as an adjudication of the custody of the child which could only be done, if at all, by an attack upon the judgment; or, failing that, of alleging such changed conditions as to present a cause of action for custody of the child, accruing subsequently to the former adjudication. As to the last-named cause of action it was immaterial whether defendant's custody of the child had been acquired rightfully or fraudulently. The action of the court in sustaining the exception to plaintiff's petition did not prevent evidence being offered by plaintiff to show changed conditions assuming, of course, for present purposes, that the pleadings were sufficient to admit such evidence. If, therefore, appellant as he says, is not attacking the former judgment, he cannot be entitled to judgment awarding him custody of the child in the absence of any proof that the conditions had changed since the previous award. No such evidence having been offered, the only proper judgment was the one rendered, which it is our conclusion must be affirmed. It is accordingly so ordered.